UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEBORAH LAUFER,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **CAUSE NO. 1:20-cv-00631-RP** |
| | § | |
| **JAGDISHBHAI R. PATEL** | § | |
| **& GUNVANTIBEN PATEL** | § | |

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(1), 12(b)6), AND 12(b)(7)

COME NOW Defendants Jagdishbhai R. and Gunvantiben Patel (collectively "Defendant") and files this Motion to Dismiss Plaintiff Deborah Laufer's ("Plaintiff"; together with Defendant, the "Parties") Complaint (Dkt. 1; the "Complaint") pursuant to FRCP 12(b)(1), 12(b)(6), and 12(b)(7) (the "Motion"), and showing in support as follows:

### SUMMARY OF ARGUMENT

1.      Plaintiff's Complaint seeks to address alleged discrimination she experienced when seeking to reserve a hypothetical room at Defendant's Somerville Motel located at 18125 State Highway 36 South, Somerville, Texas (the "Property"). Namely, Plaintiff complains that five websites, all of which are owned and operated by third-parties—namely, (1) www.somervilleinnandsuites.com; (2) www.booking.com; (3) www.priceline.com; (4) www.agoda.com; and (5) reservation.booking.expert (collectively, the "Websites")—fail to comply with the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (the "ADA").

2.      However, as described in more detail below, Plaintiff's Complaint fails to allege a single allegation as to how *Defendant's* actions have caused the alleged discrimination. Thus, Plaintiff's Complaint fails to meet the case-or-controversy requirement needed for Plaintiff to establish that she has standing to assert a claim against Defendant. Accordingly, the Court should

dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), as it does not have subject matter jurisdiction.

3.      Relatedly, since Plaintiff's Complaint fails to assert a single allegation as to how Defendant's Property fails to comply with the ADA, the Court should dismiss Plaintiff's Complaint with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), as it has fails to state a claim upon which relief may be granted.

4.      Finally, since Plaintiff seeks to secure a declaratory judgment that would have to be imposed upon the Websites in order to redress the alleged wrong, Plaintiff's Complaint should be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(7), as she failed to join the required parties under Federal Rule of Civil Procedure 19.

ARGUMENTS AND AUTHORITIES

### A. *Since Plaintiff fails to establish that Defendant's actions caused her alleged injuries, the Complaint should be dismissed as it fails to meet the case-or-controversy requirement needed for Plaintiff to have constitutional standing.*

5.      Dismissal of an action is appropriate whenever the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). A district court's jurisdiction is limited to actual cases and controversies. *See Lujan v. Defenders of Wildlife*, 504, U.S. 555, 559 (1992). A court must dismiss a cause for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

6.      "[T]he irreducible constitutional minimum of standing contains three elements." *Lujan,* 504 U.S. at 560. These elements are "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a

favorable decision will redress the injury." *Croft v. Governor of Texas,* 562 F.3d 735, 745 (5th Cir.2009) (citing *Lujan,*504 U.S. at 560–61). Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Lujan,* 504 U.S. at 560. Second, a plaintiff must show a causal connection between the injury and defendant's actions. *Id.* A plaintiff demonstrates causation by showing that the injury is "fairly…trace[able] to the challenged action of the defendant, and not…th[e] result of the independent action of some third party not before the court." *Id.* (quoting *Simon v. E. Ky. Welfare Rights, Org.*, 426 U.S. 26, 41-42 (1976)). "Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

7.      "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation. *Id.* At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss court's "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan,* 504 U.S. at 561; *see also Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 218 (5th Cir.2001).

8.      In deciding a motion to dismiss pursuant to Rule 12(b)(1), the Court may consider: (1) the Complaint alone; (2) the Complain supplemented by undisputed facts evidenced in the record; or (3) the Complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *See Freeman v. United States,* 556 F.3d 326, 334 (5th Cir. 2009). "When a motion to dismiss is based on lack of jurisdiction on the face of the complaint, the plaintiff is left with

safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised—the court will consider the allegations in the plaintiff's complaint as true." *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

9.      Presently, Plaintiff's Complaint only alleges that Defendant has violated the ADA by and through *third-party* booking websites. *See* Complaint at ¶¶ 9-14. Meaning, Plaintiff's Complaint is void of any allegations asserting that Defendant's Property is physically non-compliant with the ADA or that Defendant's acted in any way that violated the ADA. Stated differently, the Complaint fails to show a causal connection between Plaintiff's alleged injuries (i.e., the inability to use the Websites) and *Defendant's* actions. Plaintiff's Complaint does not challenge Defendant's actions (i.e., Defendant's operation and maintenance of the Property) but rather the independent actions of third-parties, all of which are not before this Court, that facilitate online reservation systems for Defendant's Property. Relatedly, since Plaintiff's Complaint acknowledges that the Websites are operated by third-parties (Complaint ¶¶ 11-14), it is neither likely nor speculative that Plaintiff's alleged injury could be addressed by a favorable decision against Defendant—it is impossible as Defendant has no control over the Websites.

10.      Even more, Plaintiff has judicially admitted[1]  that the online reservations operated by Booking.com comply with the ADA. Namely, in Plaintiff's Memorandum of Law in Support of Standing (the "New York Memo"), which was filed on May 28, 2020 in Case 1:19-cv-01501-BKS-ML, captioned as *Deborah Laufer v. Laxmi & Sons, LLC*, and pending in the Northern District of New York, a true and correct copy of which is attached hereto as Exhibit A,[2] Plaintiff

---

[1] "A 'judicial admission' is a formal concession in the pleadings or stipulations by a party or counsel that is binding on the party making them…[and] it has the effect of withdrawing a fact from contention." *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476.

[2] Pursuant to Federal Rule of Evidence 201, Defendant request that the Court take judicial notice of New York Memo. "A fact that has been judicially noticed is not subject to dispute by the opposing party—indeed that is the very purpose of judicial notice. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

conceded that her controversy with Booking.com was moot as the online reservations systems operated through Booking.com identifies and allows for booking of accessible rooms. Thus, even assuming, *in arguendo,* that Defendant controlled the online reservation systems Plaintiff complains about, Plaintiff has judicially admitted that no controversy exists as to the Booking.com operated websites.

11.      For the foregoing reasons, the Court should dismiss Plaintiff's Complaint as no case-or-controversy exists between Plaintiff and Defendant, which means Plaintiff lacks standing and this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

**B. *Since Plaintiff fails to identify any ways in which Defendant has violated the ADA, the Complaint should be dismissed as it fails to state a claim upon which relief can be granted as to Defendant.***

12.      Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "In analyzing a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). On a Rule 12(b)(6) review, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claims, as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

13.      To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. *See Twombly*, 550 U.S. at 555–56. However, a plaintiff must do more than recite the formulaic elements of a cause of action. *Id.* at 556–57. Additionally, the Court is not bound to accept as true a legal conclusion couched as a factual allegation in the complaint. *See Iqbal*, 556 U.S. at 678. Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

14.     As described above, Defendant neither owns nor operates the Websites that serve as the *sole* source of Plaintiff's ADA allegations. However, Plaintiff's Complaint utterly fails to raise a single allegation as to how Defendant's Property physically violates the ADA, thereby discriminating against Plaintiff. This pleading deficiency is no surprise as Plaintiff has never been to Defendant's Property. In fact, Plaintiff's Complaint does not mention "structural", "physical", or "architectural" violations once. Thus, even assuming all factual allegations in Plaintiff's favor, the Complaint fails to plead any facts to state a claim to relief that is plausible on its face as to Defendant's actions.

15.     Accordingly, since the Complaint fails to allege any facts as to how Defendant's Property physically violates the ADA, Plaintiff has failed to state a claim against Defendant upon which relief can be granted. As such, Plaintiff's Complaint should be dismissed with prejudice.

**C.   *Since the Websites Plaintiff claims violate the ADA are owned and operated by a third-parties, Plaintiff's Complaint should be dismissed as it fails to join a required parties.***

16.     Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). Rule 19 provides for the joinder of all parties whose

presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. FED. R. CIV. P. 19(a); *see also Pulitzer–Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir.1986) ("The federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of. In accord with this goal, Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder" (citations omitted)).

17.     Rule 19 further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined. FED. CIV. P. 19(b). Rule 12(b)(7) analysis entails two inquiries under Rule 19. "The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit." *HS Resources, Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). "If joinder is warranted, then the person will be brough into the lawsuit." *Id.* "But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the [party] or to dismiss the litigation." *Id; see also* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1359, at 425 (2d ed.1990). Factors to consider under Rule 19(b) include, "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed." *Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir.1997) (citing FED. R. CIV. P. 19(b)); *see also* 5A Wright & Miller, Federal Practice & Procedure § 1359, at 426 ("The burden is on the moving party to show the nature of the unprotected interests of the absent parties.").

18.     As asserted in Plaintiff's Complaint, and confirmed in this Motion, Plaintiff seeks redress for the alleged discrimination experienced by and through the online reservation systems

owned and operated by third-party Websites, namely priceline.com, LLC (owner of www.priceline.com) and Booking Holdings, Inc. (owner of www.booking.com, www.somervilleinnandsuites.com (by and through its subsidiary BookingSuite), and www.agoda.com (by and through its subsidiary Agoda Company Pte. Ltd.).[3] The presence of these parties is absolutely required for the fair and complete resolution of the dispute at issue as these parties have an interest in the subject of the action (i.e., whether or not they will be subject to a declaratory judgment order imposing actions upon them).

19.    Accordingly, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(7) as it fails to join required parties pursuant to Federal Rule of Civil Procedure 19.

### CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Jagdishbhai R. and Gunvantiben Patel pray that the Court grant this Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(1), 12(b)(6) and 12(b)(7) and enter a judgment: 1) dismissing Plaintiff Deborah Laufer's Complaint in its entirety with prejudice; 2) awarding Defendants their attorney's fees and costs; and 3) all other such relief and rulings to which it may be equitably entitled.

Dated: July 31, 2020                    Respectfully submitted,

By: */s/ Padon D. Holt*
Padon D. Holt
Texas Bar No. 24093619
HOLT & HUTCHINS, PLLC
Bryan, Texas 77803
Tel:   (979) 213-4761
Fax:   (713) 282-5461
Email: padon@holthutchins.com
**ATTORNEY FOR DEFENDANTS**
***Jagdishbhai R. and Gunvantiben Patel***

---

[3] Reservation.booking.com is not a functioning website so Defendant is uncertain of the owner/interested party related to that website.

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on July 31, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Philip Michael Cullen, III
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Tel:    (954) 462-0600
Fax:    (954) 462-1717
Email: cullenIII@aol.com

**ATTORNEYS FOR PLAINTIFF**              */s/ Padon D. Holt*_____
***Deborah Laufer***                           Padon D. Holt