UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**DEBORAH LAUFER**

        Plaintiff,

v.                               1:20-cv-631-RP

**JAGDISHBHAI R. PATEL, et al.**

        Defendant,

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff hereby opposes Defendant's Motion To Dismiss.

**I.**     **Introduction**

Plaintiff is a Florida resident and disabled person within the meaning of the Americans With Disabilities Act, 42 U.S.C. Sections 12181, et seq. ("ADA"), and relies on a wheelchair or cane to ambulate and is vision impaired. Defendant books rooms for its hotel through an online online reservations system. (Hereinafter "websites", "online reservations systems" or "ORS".) The purpose of this ORS is so that Defendant can reach out and market to persons all over the country, including Florida, in their own homes, to solicit their patronage, provide them with information so that they can make a meaningful choice in planning trips, and, in some instances, book a room at the hotel. As such, the Defendant's ORS is required to comply with the requirements of 28 C.F.R. Section 36.302(e)(1)(hereinafter "Regulation"), by identifying and allowing for booking of accessible rooms and providing accurate and sufficient information as to whether all the features at the hotel are accessible. Prior to the filing of this lawsuit, Plaintiff reviewed the ORS for Defendant's hotel and found that it did not comply with the Regulation.

1

Plaintiff therefore filed the instant action for injunctive relief pursuant to the ADA.

Defendant filed a motion to dismiss arguing that it is not liable for its ORS operated through such third parties as Booking.com, Agoda, Priceline and somervilleinnandsuites.com and, alternatively, that they are indispensable parties. Defendant also argues that Plaintiff cannot have a cause of action unless the hotel itself has discriminatory violations. For the reasons set forth below, Defendant's arguments are without merit.

## II.     The Applicable Statute And Regulation

Plaintiff's claims are based on the following:

42 U.S.C. Section 12182(a) provides:

> (a) General rule
> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. Section 12182(b)(2)(A) expands on the definitions of the above subsection to include:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations

42 U.S.C. Section 12182(b)(2)(A)(ii).

This latter subsection is the subject of regulations promulgated by the Department Of Justice ("DOJ"). Specifically, the DOJ promulgated 28 C.F.R. Section 36.302(e)(1) (hereinafter "Regulation"), which provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a

third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

This regulation became effective March 15, 2012. 28 C.F.R. Section 36.302(e)(3).

### III. Defendant Is Directly And Exclusively Liable For Websites Operated By Third Parties

Defendant argues that it cannot be liable for its discriminatory online reservations systems operated through third parties. Moreover, Defendant claims – citing no evidence whatsoever – that it has "no control over the Websites". Defendant's Brief, p. 4. Defendant does not deny that it Defendant provided the third parties with the information posted on their websites, that the Defendant accepts reservations and payments made through the third parties, or the Defendant interacts with the third parties on a constant basis. To describe the Defendant's representations to this Court as misleading is being charitable.

Defendant labors under a fundamental misreading of the plain language of the regulation

at issue. Contrary to Defendant's assertions, the Regulation imposes liability on Defendant for its discriminatory online system, even if operated through third parties. 28 C.F.R. Section 36.302(e)(1) (the "Regulation"), provides:

> (1)Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, **or through a third party** -

(Emphasis added.) Thus, the Regulation is unequivocally clear and imposes liability on hotels which operate discriminatory reservations systems through third parties. The Department of Justice ("DOJ"), which promulgated this Regulation, issued guidelines on the subject at issue. In this regard, the DOJ stated:

> Hotels and organizations commenting on their behalf also requested that the language be changed to eliminate any liability for reservations made through third parties, arguing that they are unable to control the actions of unrelated parties. The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not.
> Hotels and other places of lodging that use third party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

Guidelines for 28 C.F.R. Part 36, Nondiscrimination on the Basis of Disability in Public Accommodations and Commercial Facilities, Exhibit C attached hereto, p. 133. Thus, it is plainly clear that a hotel is directly liable for any failure of its online reservations system to comply with the Regulation, even if operated through third parties.

The DOJ's guideline also addressed the Regulation's applicability to third parties (such as booking.com). On this point, the DOJ states:

> In the NPRM, the Department sought guidance concerning whether this requirement should be applied to third party reservations services. Comments made by or on behalf of hotels, resort managers, and other members of the lodging and resort industry pointed out that, in most cases, these third parties do not have direct access to this information and must obtain it from the hotel or other place of lodging. Because third party reservations services must rely on the place of lodging to provide the requisite information and to ensure that it is accurate and timely, the Department has declined to extend this requirement directly to third party reservations services.

Id. p. 134. By this language, the DOJ made clear that the Regulation does not impose liability on third party booking systems because they do not have direct access to the information required, but must instead rely on the hotel to provide the required information. This information is in the exclusive possession of the hotel and any failure to comply with the Regulation is the hotel's fault.

The Statute itself is devoid of any language that would give Plaintiff a right of action against the third parties. 42 U.S.C. Section 12182(a) only imposes liability on any person "who owns, leases (or leases to), or operates a place of public accommodation." The third party providers do not fall within any of these categories. By contrast, Defendant is directly liable for discrimination under 42 U.S.C. Section 12182(a) because it is the owner and operator of the hotel.

Moreover, if Defendant claims that these third parties share the fault, then Defendant is free to add them as third party defendants for any breaches on their part. *See, Fed. R. Civ. P*. 14.

It requires no more that reading the regulation at issue, which is quoted in the complaint, to recognize the baseless, if not frivolous, nature of the Defendant's argument.

In *Parks v. Richard*, 2:20-cv-227, DE 28, p. 4 (M.D. Fla. 7/21/20)(Exhibit A attached hereto), the court rejected a similar argument, stating:

> Shipwreck argues it cannot be liable for ADA violations on a third-party site. Not so. As

5

the regulations demand, Shipwreck must have compliant reservation systems, even when provided through third parties. 28 C.F.R. § 36.302(e)(1). Like the regulation, DOJ guidance explains hotels must ensure reservations made through third parties are "in a manner that results in parity between those who need accessible rooms and those who do not." [] 28 C.F.R. Pt. 36, app. A § 36.302(e). (Citation omitted.)

In *Kennedy v. New Yorker Hotel Miami, LLC*, 18-62897, DE 34 (S.D. Fla. 6/6/19), another court rejected similar arguments and held that the third parties are not indispensable.

At pp. 4, *et seq.* of its Brief, Defendant argues that Plaintiff "judicially admitted" that the ORS operated by Booking.com complies with the ADA. In support of this proposition, Defendant attaches Plaintiff's Memorandum filed in *Deborah Laufer v. Laxmi & Sons, LLC*, 1:19-cv-01501-BKS-ML. Defendant's argument in this regard is unworthy of credence. The Booking.com ORS at issue in the *Laxmi* case involved a completely different and unrelated hotel. Indeed, Booking.com and the other third party ORS providers are frequently compliant, but only when the subject hotel provides it with the information required so that those systems can provide an option for booking accessible rooms and additionally provide the required information about accessibility. The fact that Booking.com and the the third party providers are non-compliant with respect to Defendant's hotel is entirely Defendant's own fault.

## IV.     The Pleadings Are Sufficient

Innumerable courts have recognized that virtually identical pleadings are sufficient in cases involving hotel online reservations discrimination. See, e.g., *Kennedy v. New Yorker Hotel Miami, LLC*, 18-62897, DE 34 (S.D. Fla. 6/6/19); *Kennedy v. Patel Brothers, Inc.*, 19-60613, DE 23 (S.D. Fla. 6/6/19); *Kennedy v. Guru Krupa, Inc.*, 0:18-cv-63088-WPD, DE 18 (S.D. Fla. 2/26/19)(denying motion to dismiss); and *Kennedy v. Murnane, et al.*, 0:18-cv-63086-WPD, DE 10 (S.D. Fla. 3/5/19)(denying motion to dismiss). Numerous courts have also considered such

allegations as sufficient when they granted default judgment. See *Kennedy v. Yaish & Tish Ltd., LLC*, 19-cv-61992-RAR, DE 14 (S.D. Fla. 9/27/19); *Kennedy v. Londamerican Real Estate Ltd.*, 19-cv-61228-SMITH/VALLE, DE 18 (S.D. Fla. 8/21/2019); *Kennedy v. Guruhari Hospitality*, LLC, 0:19-cv-61139-WPD, DE 18 (S.D. Fla. 7/11/2019); *Kennedy v. Moreno*, 19-60550-CIV-ALTMAN, DE 20, (S.D. Fla. 6/26/2019); *Kennedy v. Pacifica Tampa Ltd Partnership*, 5:17-cv-442-JSM-PRL, DE 7 (M.D. Fla. 1/25/18). *Kennedy v. Fernandez*, 19-60876, DE 18 (S.D. Fla. 6/11/2019); *Kennedy v. Astoria Hotel Suites, LLC*, 19-cv-60160, DE 17 (S.D. Fla. 3/22/19); *Kennedy v. Dockside View, LLC*, 2:18-cv-14444-KAM (S.D. Fla. 1/19/19); *Kennedy v. Cape Siesta Motel, LLC*, 18-81811, 0:18-cv-61811-MGC, DE 20 (S.D. Fla. 1/18/2019); *Kennedy v. Shivnit, Inc.*, 0:18-cv-63094-UU, DE 12 (S.D. Fla. 1/30/19); *Kennedy v. Terrace Park Suites, LLC*, 0:19-cv-60012-DPG (S.D. Fla. 3/21/19); *Kennedy v. Shree Ram Jalaram, Inc.*, 19-60708, DE 13 (S.D. Fla. 4/18/2019); and *Kennedy v. Rushi Hospitality LLC*, 18-cv-62259-WPD, DE 26 (S.D. Fla. 2/6/19).

Defendant argues that "... Plaintiff's Complaint fails to assert a single allegation as to how Defendant's Property fails to comply with the ADA,..." Defendant's Brief, p. 2, para. 3. Defendant reiterates this argument at p. 4. Defendant's argument completely misses the mark. This is not a case about discriminatory violations present at Defendant's physical hotel. Rather, it is about Defendant's discriminatory online reservations system. Numerous courts have recognized that the plaintiff's injury occurs when they review the hotel's discriminatory online reservations system, in violation of the Regulation. See *Parks v. Richard*, 2020 U.S. Dist. Lexis 86790 (M.D. Fla. 2020); *Kennedy v. Gold Sun Hospitality, LLC*, 8:18-cv-842-T-33CPT, DE 23, at pp. 30-31, (M.D. Fla. June 18, 2018); *Kennedy v. Swagath Hospitality, LLC*, 0:19-cv-60583-

7

DPG, DE 27 (S.D. Fla. 1/2/2020); *Kennedy v. WGA*, 2:19-cv-0095-RWS, DE 16, p. 9 (N.D. Ga. 11/5/2019); *Poschmann v. Fountain TN, LLC*, 2019 U.S. Dist. Lexis 159417, \*\*4-6 (M.D. Fla. 2019); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc*., 2018 U.S. Dist. Lexis 87457. \*8 (S.D. Fla. 2018); *Kennedy v. Nila Investments, LLC*, 2:19-cv-90-LGW-BWC, DE 34 (S.D. Ga. 7/1/20); *Kennedy v. New Yorker Hotel, Miami, LLC*, 0:18-cv-62897-WPD, DE 34 (6/6/19); *Kennedy v. Murnane, et al.*, 0:18-cv-63086-WPD, DE 10 (S.D. Fla. 3/5/19); *Kennedy v. Galleon Resort Condominium Assn, Inc., et al.*, 19-cv-62421-CMA, DE 52 (S.D. Fla. 1/28/20); *Kennedy v. Sai Ram Hotels, LLC*, 2019 U.S. Dist. LEXIS 80111, \*4-6 (M.D. Fla. 5/13/19), citing *Honeywell v. Harihar Inc*., 2018 U.S. Dist. LEXIS 203740,(M.D. Fla. Dec. 3, 2018); *Kennedy v. Floridian Hotel, Inc.*, 2018 U.S. Dist. LEXIS 207984, at \*9 (S.D. Fla. 2018); *Poschmann v. Liberty Inn Motel, LLC*, 2:18-cv-14348, ECF No. 17 at 4-5 (S.D. Fla. Jan. 23, 2019); *Brooke v. Hotel Inv. Grp., Inc.*, 2017 U.S. Dist Lexis 150717, \* 6 (D. Ariz. 2017); *Brooke v. Regency Inn-Downey, LLC*, 2017 U.S. Dist. Lexis 150716 (D. Ariz. 2017). This injury occurs in the comfort of the plaintiff's own home. *Gold Sun,* at pp. 30-31 (plaintiff's injury occurred in comfort of her own home when she visited defendant's discriminatory hotel website).

Numerous additional cases support the proposition that viewing a discriminatory commercial website constitutes injury-in-fact in the context of vision impairment based claims. See, e.g. *Carroll v. Fedfinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018); *Access Now, Inc. v. Otter Prods., LLC*, 280 F. Supp. 3d 287, 294 (D. Mass. 2017); *Jones v. Piedmont Plus Fed. Credit Union*, No. 1:17-CV-5214- RWS, 2018 WL 4694362, at \*1 (N.D. Ga. Sept. 26, 2018); *Jones v. Family First Credit Union,* No. 1:17-CV-4592-SCJ, 2018 WL

8

5045231, at *4 (N.D. Ga. Aug. 6, 2018). For example, in *Camacho v. Vanderbilt Univ.*, 2019 U.S. Dist. Lexis 209202, *30 (S.D.N.Y. 2019), one court rejected the notion that the plaintiff's possible visit to the subject property was at issue, holding: "Plaintiff has claimed that he was denied access to the Website, not Defendant's physical location itself."

The Supreme Court and numerous courts in this Circuit have recognized the right to sue over informational violations created as an injury by statute. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982)(black testers had standing to sue over discriminatory information even though they had no intention of buying apartment); *Landrum v. Blackbird Enters., LLC*, 214 F.Supp.3d 566, 570 (S.D. Tex. 2016)(citing *Havens Realty* in stating that the "failure to provide information in accordance with a statute could constitute concrete injury."). *In Dyson v. Sky Chefs, Inc.*, 2017 U.S. Dist. Lexis 92637, * 10-11 (N. D. Tx. 2017), one court note that: "The Supreme Court has held that a 'plaintiff suffers an "injury in fact" when the plaintiff fails to obtain information which must be publicly disclosed pursuant to a statute.'" citing *LaFollette v RoBal, Inc*., 2017 U.S. Dist. LEXIS 47144, (N.D. Ga. 2017) (quoting *FEC v. Akins*, 524 U.S. 11, 21 (1998)). In *Treece v. Perrier Condo. Owners Ass'n*, 2020 U.S. Dist. LEXIS 26511, *11 (E.D. La. 2020), a court followed *Havens* in holding that it was not necessary for a plaintiff to apply to rent an apartment to suffer injury regarding his statutory right to truthful information. *See also, Moore v. Radian Group*, 233 F.Supp.2d 819 (E.D. Tx. 2002)(infringement of right to truthful information is cognizable injury).

**V.     Conclusion**

For the foregoing reasons, Defendant's motion must be denied.

Thomas B. Bacon

9

Thomas B. Bacon, P.A.
644 N. McDonald Street
Mt. Dora, FL 32757
tbb@thomasbaconlaw.com
954-478-7811


*/s/Philip Michael Cullen, III*
**PHILIP MICHAEL CULLEN, III**
**Attorney-at-Law – Chartered**
Bar No: 167853
621 South Federal Highway, Suite Four
Fort Lauderdale, Florida 33301
Telephone: (954) 462-0600
Facsimile: (954) 462-1717
e-mail: CULLENIII@aol.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record on April 29, 2020.

*/s/Philip Michael Cullen, III*