UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEBORAH LAUFER, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:20-CV-631-RP |
| § | |
| JAGDISHBHAI R. PATEL AND § | |
| GUNVANTIBEN PATEL, § | |
| *Defendants* § | |

**O R D E R**

Before the Court are Plaintiff's Motion to Determine Sufficiency of Objections to Compel, and for Sanctions, filed January 4, 2021 (Dkt. 19); Plaintiff's Motion to Compel Production, filed January 6, 2021 (Dkt. 22); Plaintiff's Motion to Compel Answers or Better Answers to Interrogatories, filed January 8, 2021 (Dkt. 23); Defendants' Opposed Motion to Stay Discovery, filed January 26, 2021(Dkt. 27); and the associated response briefs. On January 27, 2021, the District Court referred the motions and related filings to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

Plaintiff Deborah Laufer is a resident of Pasco County, Florida, who alleges that she qualifies as an individual with a disability as defined by the Americans with Disabilities Act ("ADA"). Plaintiff is a self-described "advocate of the rights of similarly situated disabled persons and is a 'tester' for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA." Dkt. 1 ¶ 2.

Defendants Jagdishbhai R. Patel and Gunvantiben Patel own the Somerville Motel, located in Somerville, Texas. Plaintiff filed this suit on June 17, 2020, alleging that Defendants violated Title III of the ADA, 42 U.S.C. § 12181, and 28 C.F.R. § 36.302(e) because their hotel website and third-party booking websites "did not identify accessible rooms, did not allow for booking of accessible rooms and provided insufficient information as to whether the rooms or features at the hotel are accessible." Dkt. 1 ¶ 11.[1]

In addition to their discovery motions, Defendants have filed a Motion to Dismiss, arguing that Plaintiff's case should be dismissed for lack of subject matter jurisdiction because she lacks standing. Dkt. 8. Defendants' Motion to Dismiss is pending before the District Court. In their Motion to Stay Litigation, Defendants ask the Court to stay discovery pursuant to FED. R. CIV. P. 26(c) and issue a protective order until the District Court rules on the jurisdictional issues raised in the Motion to Dismiss.

## II.    Legal Standards and Analysis

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order on a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Under Rule 26(c)'s "good cause" requirement, the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from

---

[1] Plaintiff has filed hundreds of similar lawsuits throughout the United States, including more than two dozen lawsuits in the Western District of Texas. *See, e.g.*, *Laufer v. Mann Hosp., LLC*, No. A-20-CV-00620-JRN, 2020 WL 6018945 (W.D. Tex. Sept. 30, 2020) (granting defendant's motion to dismiss), *appeal docketed*, No. 20-50858 (5th Cir. Oct. 8, 2020); *Laufer v. Galtesvar OM, LLC*, No. 1:20-CV-00588-RP, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020) (granting defendant's Rule 12(b)(1) motion to dismiss for lack of standing), *appeal docketed*, No. 20-51018 (5th Cir, Dec. 17, 2020).

stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). To determine whether a stay is appropriate, a court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and eliminate the need for such discovery entirely. *Bickford v. Boerne Indep. Sch. Dist.*, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016).

Defendants argue that the Court lacks subject matter jurisdiction because Plaintiff does not have standing to bring this case, and that discovery should therefore be stayed until this threshold issue is decided. The question of standing "is whether the litigant is entitled to have the court decide the merits of the dispute," which "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559–61 (1992). Accordingly, the Court **GRANTS** Defendants' Motion to Stay Discovery and Motion For Protective Order (Dkt. 27) and **ORDERS** all discovery in this case stayed until the District Court rules on the Defendants' Motions to Dismiss.

**SIGNED** on February 1, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE