IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DEBORAH LAUFER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-631-RP |
| | § | |
| JAGDISHBHAI PATEL and | § | |
| GUNVANTIBEN PATEL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants Jagdishbhai Patel and Gunvantiben Patel's ("Defendants")

Motion to Dismiss Pursuant to FRCP 12(b)(1), 12(b)(6), and 12(b)(7). (Dkt. 8). Plaintiff Deborah

Laufer ("Laufer") filed a response. (Dkt. 9). Having considered the parties' briefs, the record, and

the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Laufer, a disabled resident of Florida, is a self-proclaimed "tester" for the ADA who has

reportedly filed hundreds of cases across the country alleging that hotels' online reservation services

violate the Americans with Disabilities Act ("ADA").[1] (Compl., Dkt. 1, at 1–2); *see, e.g.*, *Laufer v.*

*Mann Hosp., LLC*, No. A-20-CV-00620-JRN, 2020 WL 6018945, at *2 (W.D. Tex. Sept. 30, 2020)

(Nowlin, J); *Laufer v. Ft. Meade Hospitality, LLC*, No. 8:20-CV-1974-PX, 2020 WL 6585955, at *4 (D.

Md. Nov. 10, 2020) (listing cases); *Laufer v. Dove Hess Holdings, LLC*, No. 520CV00379BKSML, 2020

WL 7974268, at *5 (N.D.N.Y. Nov. 18, 2020), motion to certify appeal denied, No.

520CV00379BKSML, 2021 WL 365881 (N.D.N.Y. Feb. 3, 2021) ("Defendant's initial brief, filed in

June 2020, noted that, since October 2019, [Laufer] had filed 'nearly 300 lawsuits in at least nine (9)

---

[1] Perhaps Laufer could be better described as an e-tester.

different states' . . . Defendant's [more recent brief], filed in September 2020, updates these numbers, stating that [Laufer] has filed '500 lawsuits in at least fifteen (15) states within the last year.'"). Laufer, who "is unable to engage in the major life activity of walking more than a few steps without assistive devices," asserts she is "an advocate of the rights of similarly situated disabled persons" and a "'tester' for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodations and their websites are in compliance." (Compl., Dkt. 1, at 1–2).

In this case, Laufer brings an ADA claim against Defendants. According to Laufer's complaint, Defendants own Somerville Motel in Somerville, Texas. (Compl., Dkt. 1, at 2). Laufer alleges that "Defendants, either themselves or by and through a third party, implemented, operates, controls and or maintains websites for [Somerville Motel] which contains an online reservations system. The Defendant[s'] website is located at https://www.somervilleinnandsuites.com/en-us[.] This term also includes all other websites owned and operated by Defendants or by third parties to book or reserve guest accommodations at the hotel: www.booking, www.priceline.com, www.agoda.com, and https://reservation.booking.expert/."[2] (*Id.* at 4). Laufer alleges that Defendants violated the ADA because various third-party online reservation websites maintained for the Somerville Motel fail to meet the requirements of 28 C.F.R. § 36.302(e). (*Id.* at 4–5). Specifically, Laufer alleges that in May 2020, she visited various websites— https://www.somervilleinnandsuites.com/en-us, https://reservation.booking.expert/, www.booking.com, www.priceline.com, and www.agoda.com—"for the purpose of reviewing and assessing the accessible features at [Somerville Motel]" and discovered the websites did not comply

---

[2] In her complaint, Laufer once refers to https://www.somervilleinnandsuites.com/en-us as Defendants' website, (Compl., Dkt. 1, at 4), whereas Defendants identify it as a third-party website, (Mot. Dismiss, Dkt. 8, at 1). In her response, Laufer states that Defendants filed a motion to dismiss arguing that they cannot be liable for third-party websites like "somervillesuites.com" and does not dispute that that website is a third-party website or contend that the analysis for that website should differ.

with § 36.302(e) because (1) they did not identify accessible rooms, (2) they did not allow for booking of accessible rooms, and (3) they did not provide sufficient information regarding whether the rooms or features at the hotel were accessible. (*Id.* at 5–6). Furthermore, Laufer alleges that she intends to revisit the websites and test their compliance. (*Id.* at 6). Laufer does not allege that she visited Somerville Motel, booked or intended to book a reservation there, or traveled or intends to travel to Somerville, Texas. (*See* Compl., Dkt. 1).

Laufer seeks a declaratory judgment determining that Defendants violated Title III of the ADA, 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302(e), an injunction ordering Defendants to comply with the relevant ADA requirements, and an award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. (*Id.* at 8). Defendants move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7). (Dkt. 8).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in

the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

In a "facial attack," the movant asserts that the allegations in the complaint are insufficient to invoke federal jurisdiction. *See Jackson v. Tex. S. Univ.*, 997 F. Supp. 2d 613, 620 (S.D. Tex. 2014). A facial attack happens when, as here, "a defendant files a Rule 12(b)(1) motion without accompanying evidence." *Id.* (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)). In a facial attack, allegations in the complaint are taken as true. *Blue Water Endeavors, LLC v. AC & Sons, Inc.*, No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

"Standing is a required element of subject matter jurisdiction and is therefore properly challenged on a 12(b)(1) motion to dismiss." *SR Partners Hulen, LLC v. JP Morgan Chase Bank*, No. 3:10-CV-437-B, 2011 WL 2923971, at *3 (N.D. Tex. July 21, 2011) (citing *Xerox Corp v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989)). To establish standing, a plaintiff must allege (1) that she has suffered an injury in fact, which is both (a) concrete and particularized and (b) actual or imminent, as opposed to conjectural or hypothetical; (2) the existence of a causal connection between the asserted injury-in-fact and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Particularized means "that the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n.1.

Where a plaintiff seeks declaratory and injunctive relief, like here, a plaintiff must also show a significant possibility of future harm; it is insufficient to demonstrate only past injury. *See O'Shea v. Littleton*, 414 U.S. 488, 495 (1974). Mere "'someday intentions'— without any description of

4

concrete plans, or indeed even any specification of when the [someday] will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan*, 504 U.S. at 564.

### III. DISCUSSION

The ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Hotels are places of public accommodation within the meaning of the statute. 42 U.S.C. § 12181(7)(A). 28 C.F.R. § 36.302(e)(1), enacted pursuant to the ADA, regulates "reservations made by any means" at places of public accommodation. Under this regulation, hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii).

#### A. Standing

At the onset, the Court notes that district courts have been wrestling with how to assess standing in cases, such as this, where the focus of a tester's ADA claim is limited to either the place of public accommodation's website or a related third-party reservation website, rather than the actual public accommodation's ADA compliance. *Compare Laufer*, 2020 WL 6585955, with *Laufer v. U.L.S.T., LLC.*, No. 20C3527, 2020 WL 6487199, at *4 (N.D. Ill. Nov. 4, 2020). This is likely because in "ADA websites cases . . . courts nationwide are trying to fit the square peg of an online injury into the round hole of traditional standing analysis . . . and there is little authoritative guidance to help district courts." *Kennedy v. Nisha, Inc.*, 8:20-CV-367-T-60CPT, 2020 WL 5569509, at *2 (M.D. Fla. Sept. 17, 2020). Illustrating the need for guidance, the Western District of Wisconsin, in another Laufer case, took the rare step of certifying its own opinion regarding standing for interlocutory

appeal. *Laufer v. Lily Pond LLC C Series*, No. 20-CV-617-WMC, 2020 WL 7768011, at *5 (W.D. Wis. Dec. 30, 2020). Closer to home, Laufer has filed an appeal to the Fifth Circuit from the final judgment entered by the undersigned in another case—after this Court granted defendant's motion to dismiss for lack of standing. *Laufer v. Galtesvar Om, LLC.*, No. 1:20-cv-588-RP, 2020 WL 7416195, at *1 (W.D. Tex. Dec. 15, 2020). In the meantime, this Court will continue to attempt to navigate this terrain.

The Court starts with Defendants' standing challenge, which focuses on whether Laufer's alleged injuries are fairly traceable to Defendants' conduct. Defendants argue that Laufer fails to establish standing because Laufer "only alleges that Defendant[s have] violated the ADA by and through *third-party* booking websites." (Mot. Dismiss, Dkt. 8, at 4). Specifically, Defendants contend that Laufer fails to allege that the Somerville Motel is "physically non-compliant with the ADA or that Defendant[s] acted in any way that violated the ADA." (*Id.*). Lacking that, Defendants say, Laufer fails to show a causal connection between her alleged injuries and Defendants' actions. (*Id.*). Defendants also represent that Laufer has admitted that Booking.com's website complies with the ADA. (*Id.* at 4–5) (citing Pl.'s Memo., *Laufer v. Laxmi & Sons, LLC*, 1:19-cv-1501-BKS-ML (N.D.N.Y. 2019)).

In response, Laufer posits several arguments for why standing exists. (Resp. Mot. Dismiss, Dkt. 9). Laufer argues that the applicable regulation, 28 C.F.R. § 36.302(e)(1), does not impose liability on third-party websites and that the applicable statute, 42 U.S.C. § 12182(a), only imposes liability on any person "who owns, leases (or leases to), or operates a place of public accommodation." (*Id.* at 4–5). Relatedly, Laufer claims that, if the third-party websites "share the fault," Defendants should add them as third-party defendants. (*Id.* at 5). To support her arguments, Laufer cites to a Middle District of Florida case in which that court disagreed with the defendant hotel's standing argument and concluded that the hotel could be liable for ADA violations on a

third-party website and therefore the case presented a live controversy. (*Id.* 5–6) (citing *Parks v. Richard*, No. 220CV227FTM38NPM, 2020 WL 4193512, at *2 (M.D. Fla. July 21, 2020)).[3]

As the Court noted above, courts across the country have reached different conclusions—and this Court does not find the Middle District of Florida's conclusion patently unreasonable—but that decision is not binding precedent. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Moreover, although the Fifth Circuit has not issued an opinion on the issue at hand, most courts in the Fifth Circuit that have considered whether an e-tester had standing to sue about third-party hotel booking websites have concluded that the e-tester lacked standing. *See, e.g.*, *Laufer v. Galtesvar OM, LLC*, No. 1:20-cv-00588-RP, 2020 WL 7416940, at *8 (W.D. Tex. Nov. 23, 2020), report and recommendation adopted sub nom. *Laufer v. Galtesvar Om, LLC.*, No. 1:20-cv-588-RP, 2020 WL 7416195 (W.D. Tex. Dec. 15, 2020); *Laufer v. Mann Hosp., LLC*, No. A-20-cv-00620-JRN, 2020 WL 6018945, at *5 (W.D. Tex. Sept. 30, 2020); *Strojnik v. Teof Hotel GP, LLC*, No. 3:19-cv-01336-E, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020); *Strojnik v. Landry's Inc.*, No. 4:19-cv-01170, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019), report and recommendation adopted sub nom. *Strojnik v. Landry's*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020). Finally, Laufer disputes that Booking.com's website is compliant and therefore her claim against Booking.com is moot. In this instance, the Court declines to wade into representations made to another court in another case and assumes Booking.com's website is at play in this case.

While most defendants in e-tester ADA cases have attacked Laufer's standing under the injury-in-fact prong, few, if any, defendants have chosen to challenge only the fairly traceable prong

---

[3] Without proper citation to the case, Laufer also states that another Florida court "rejected similar arguments and held that the third parties are not indispensable." (Resp. Mot. Dismiss, Dkt. 9, at 6).

of standing like Defendant have done here. Defendants simply argue that they do not control third-party websites, and therefore Laufer "fails to show a causal connection between [her] alleged injuries (i.e., the inability to use the Website) and *Defendant[s']* actions." (Mot. Dismiss, Dkt. 8, at 4). Defendants make the related argument that Laufer's alleged injury cannot be redressed by a judgment against Defendants—"it is impossible as Defendant[s have] no control over the Websites." (*Id.*). In response, Laufer points to the Guidelines for 28 C.F.R. § 36.302(e)(1) to argue that the regulation "imposes liability on hotels which operate discriminatory reservations systems through third parties." (Resp., Dkt. 9, at 4).

The Guidelines state:

Hotels and organizations commenting on their behalf also requested that the language be changed to eliminate any liability for reservations made through third parties, arguing that they are unable to control the actions of unrelated parties. The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not.

Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.

(*Id.*); Appendix II Federal Regulations, 2003 WL 25318126 (2016).

Although the Court is tempted to agree with Laufer that a hotel could be liable for missing information on a third-party website, the Court cannot extend that reasoning to this case because Laufer does not raise the requisite allegations. Laufer does not allege that Defendants (1) failed to "make reasonable efforts to make accessible rooms available through at least some of these services" or (2) failed to "provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms." (*Id.*). Therefore, Laufer has failed to allege facts that

could potentially show that the information on third-party websites was fairly traceable to Defendants. *See Strojnik v. Orangewood LLC*, 19-cv-946-DSF, ECF No. 43 at 12 (C.D. Cal. Oct. 21, 2019) (concluding that "Plaintiff has not alleged any facts showing that information allegedly not being available on the Third-Party Websites is 'fairly traceable' to Defendant [hotel]").

Having concluded that Laufer has not alleged that her alleged injuries are fairly traceable to Defendants' conduct, the Court does not need to consider the remaining elements of standing or the 12(b)(6) and 12(b)(7) motions.[4] Laufer lacks standing, and the case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).[5] *See Williams v. Morris*, 614 F. App'x 773, 774 (5th Cir. 2015) (explaining that when a complaint is dismissed for lack of standing, "it should be without prejudice").

Additionally, Laufer who seeks injunctive relief, cannot meet her burden of establishing a "real or immediate threat that the plaintiff will be wronged" in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). When seeking injunctive relief, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing present adverse effects." Lujan, 504 U.S. at 560–61 (quoting *Lyons*, 461 U.S. at 102). Laufer alleges that "[i]n the near future, [she] intends to revisit Defendant[s'] websites . . . to test them for compliance . . . and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the [Somerville Motel]." (Compl., Dkt. 1, at 6). She further alleges that she is "continuously aware that the subject websites remain non-compliant." (*Id.*). Her vague allegation of an intent to return to the websites is "insufficient to demonstrate plausible intent." *Strojnik v. Landry's Inc.*, No. 4:19-CV-

---

[4] The Court also would hold that Laufer lacks standing under the injury-in-fact prong as the Western District of Texas has held in Laufer's other ADA e-tester cases. *See, e.g.*, *Laufer v. Galtesvar Om, LLC.*, No. 1:20-cv-588-RP, 2020 WL 7416195, at *1 (W.D. Tex. Dec. 15, 2020).
[5] In response to the Motion to Dismiss, Laufer did not ask for leave to amend her complaint should the Court find a lack of standing.

01170, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019), report and recommendation adopted sub nom. *Strojnik v. Landry's*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020). Laufer has neither sufficiently pleaded a concrete intent to return—her "mere some day" plans are insufficient—nor has she sufficiently pleaded that the alleged violations negatively affect her day-to-day life. *Strojnik v. Teof Hotel GP*, LLC, No. 3:19-CV-01336-E, 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020). Laufer only states, in conclusory fashion, that she will continue to suffer injury until the websites comply with the ADA. (Compl., Dkt. 1, at 7). Laufer therefore lacks standing to bring her claim for injunctive relief for the additional reason that she has not shown that the alleged ADA violations threaten her with future injury.

### B. Attorney's Fees and Costs

Defendants ask for a reasonable award of attorneys' fees and costs. (Mot. Dismiss, Dkt. 8, at 8). Defendants do not support their request with any support or analysis. To the extent their request is a motion for attorney's fees pursuant to 28 U.S.C. § 1919, Defendants' request will be denied. Section 1919 states that "[w]henever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919; *see also Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 n.8 (10th Cir. 1998) (citing a distinction between the entitlement to an award of costs under Fed. R. Civ. P. 54(d)(1) and an award of just costs under 28 U.S.C. § 1919). Notably, "just costs" do not include attorney's fees. *Wilkinson v. D.M. Weatherly Co.*, 655 F.2d 47, 49 (5th Cir. 1981). To the extent Defendants request costs pursuant to Federal Rule of Civil Procedure 54(b)(1), which gives district courts wide discretion in awarding expenses or costs, that request also will be denied. As this Court has explained throughout this order, this area of law is unsettled, and the Court declines to award Defendants costs.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Defendants' motion to dismiss, (Dkt. 8), is

**GRANTED**. Laufer's claims are **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

   **SIGNED** on March 2, 2021.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE